## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF NEW YORK

**DR. A., NURSE A., DR. C., NURSE D., DR. F., DR. I., THERAPIST I., NURSE J., DR. M., NURSE M., NURSE N., DR. O., DR. P., TECHNOLOGIST P., DR. S., NURSE S.** and **PHYSICIAN LIAISON X.,**

        Plaintiffs,

        v.

**KATHY HOCHUL**, Governor of the State of New York, in her official capacity; **HOWARD A. ZUCKER**, Commissioner of the New York State Department of Health, in his official capacity; and **LETITIA JAMES**, Attorney General of the State of New York, in her official capacity,

        Defendants.

Case No.   1:20-cv-01009

## PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION, WITH LEAVE TO PROCEED UNDER PSEUDONYMS.

1.      Come now Plaintiffs, who respectfully request that this Court enter a temporary restraining order (with notice) and preliminary injunction pursuant to Fed. Civ. P. 65 against Governor of New York Kathy Hochul, Commissioner of the New York State Department of Health Howard Zucker, and Attorney General of New York Letitia James, and their agents, employees and successors in office, and those acting in concert with them, respecting the Vaccine Mandate challenged in this action, which mandates COVID-19 vaccination of health care workers, including Plaintiffs, with no provision for a religious exemption, which exemption plaintiffs seek or already obtained prior to revocation on account of the Mandate.

2.      Plaintiffs are facing imminent irreparable harm from loss of employment and professional standing for their religiously motivated refusal to be vaccinated.

3.      And in particular, Plaintiffs seek an Order:

Restraining and enjoining the Defendants, their officers, agents, employees, attorneys and successors in office, and all other persons in active concert or participation with them, from enforcing, threatening to enforce, attempting to enforce, or otherwise requiring compliance with the Vaccine Mandate such that:

(1) The challenged Vaccine Mandate is suspended in operation to the extent that the Department of Health is barred from enforcing any requirement that employers deny religious exemptions from COVID-19 vaccination or that they revoke any exemptions employers already granted before the Vaccine Mandate superseded the prior Health Order to exclude religious exemptions, including the exemptions already granted to certain of the Plaintiffs herein;

(2) The Department of Health is barred from interfering in any way with the granting of religious exemptions from COVID-19 vaccination going forward, or with the operation of exemptions already granted under the prior Health Order;

(3) The Department of Health is barred from taking any action, disciplinary or otherwise, against the licensure, certification, residency, admitting privileges or other professional status or qualification of any of the Plaintiffs on account of their seeking or having obtained a religious exemption from mandatory COVID-19 vaccination.

The grounds for this motion are that the Vaccine Mandate, both facially and as applied to these Plaintiffs, violates:

(1) the Supremacy Clause of the U.S. Constitution by contravening Title VII of the Civil Rights Act of 1964 which *requires* Plaintiffs' employers to grant religious exemptions *unless* (and only unless) doing so would cause the employers "undue hardship";

(2) the Free Exercise Clause of the U.S. Constitution at least insofar as they expressly allow employers to grant exemptions for reasons of "health" notwithstanding the Vaccine Mandate's express interest in *reducing the spread of COVID-19 and its delta variant*, an interest no less undermined by reasonably accommodated religious objectors than by reasonably accommodated medical professionals for whom the vaccines are contraindicated as a matter of health; and

(3) the Equal Protection Clause of the U.S. Constitution because (a) the Vaccine Mandate burdens Plaintiffs' fundamental right to free exercise of religion, (b) it irrationally treats religious objectors less favorably than similarly situated medical professionals who may obtain exemptions for reasons of "health," and (c) it irrationally imposes the vaccine requirement on a subset of Plaintiffs who have had and recovered from COVID and thus have natural immunity at a level greater than the artificial immunity from available COVID vaccines.

Plaintiffs are also entitled to leave from Fed. R. Civ. P. Rule 10(a) in order to proceed anonymously because their interest in anonymity outweighs "the public's interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008).

Should these motions and request for leave be denied, Plaintiffs also move for an injunction or stay pending appeal under Fed. R. Civ. P. Rule 8(a)(1).

Plaintiffs rely upon the Verified Complaint, Exhibits and Memorandum of Law filed contemporaneously with this motion.

September 13, 2021

/s/ Christopher Ferrara
CHRISTOPHER A. FERRARA, ESQ.
(Bar No. 51198)
Special Counsel
THOMAS MORE SOCIETY
148-29 Cross Island Parkway
Whitestone, Queens, New York 11357
Telephone: (718) 357-1040
cferrara@thomasmoresociety.org
*Counsel for Plaintiffs*

/s/ Michael McHale
MICHAEL G. MCHALE
(Bar No. 701887)
Counsel
THOMAS MORE SOCIETY
10506 Burt Circle, Ste. 110
Omaha, NE 68114
402-501-8586
mmchale@thomasmoresociety.org
*Counsel for Plaintiffs*

Peter Breen
Vice President and Senior Counsel
THOMAS MORE SOCIETY
309 W. Washington, Ste. 1250
Chicago, IL 60606
(312) 782-1680
pbreen@thomasmoresociety.org
*Counsel for Plaintiffs*
*Pro hac vice* motion pending

Stephen M. Crampton
Senior Counsel
THOMAS MORE SOCIETY
309 W. Washington, S
Chicago, IL 60606
(312) 782-1680
mmchale@thomasmoresociety.org
*Counsel for Plaintiffs*
*Pro hac vice* motion pending