# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DR. A., NURSE A., DR. C., NURSE D., DR. F., DR. G, THERAPIST I., DR. J., NURSE J., DR. M., NURSE N., DR. O., DR. P., TECHNOLOGIST P., DR. S., NURSE S.** and **PHYSICIAN LIAISON X.**,<br><br>                    Plaintiffs,<br><br>     v.<br><br>**KATHY HOCHUL**, Governor of the State of New York, in her official capacity; **HOWARD A. ZUCKER**, Commissioner of the New York State Department of Health, in his official capacity; and **LETITIA JAMES**, Attorney General of the State of New York, in her official capacity,<br><br>                    Defendants. | Case No. 1:21-cv-01009<br><br>**Order to Show Cause** |

_____, United States District Judge

**THIS MATTER** coming upon the Court upon the Motion of Plaintiffs for a Temporary Restraining Order ("TRO") and Preliminary Injunction ("PI") and Order to Show Cause why a TRO and PI should not issue;

**THE COURT NOTING** that, Plaintiffs, which include 17 medical professionals all across the State of New York whose sincere religious beliefs compel them to refuse vaccination against the available COVID-19 vaccines (all of which employ aborted fetal cell lines in their testing, development, or production) in violation of New York's "Vaccine Mandate" requiring health care workers (including all of the plaintiffs) to obtain at least the first dose of an available COVID-19 vaccine by September 27, 2021 (including employees of hospitals and nursing homes) or October 7, 2021 (including for employees of home health agencies, long-term home health programs, licensed

1

home care service agencies, hospices, adult day care facilities, and more), without any opportunity for religious exemptions. Plaintiffs specifically allege that the Vaccine Mandate violates the Supremacy Clause of the U.S. Constitution insofar as Title VII federal employment law requires Plaintiffs' employers to grant religious exemptions unless any reasonable accommodations would be an "undue hardship" on their businesses, and it also violates the Free Exercise and Equal Protection Clauses of the U.S. Constitution by authorizing secular exemptions for those similarly situated to Plaintiffs.

**THE COURT NOTING** that Plaintiffs have requested that Defendants be temporarily restrained and preliminary and permanently enjoined from enforcing the Vaccine Mandate statewide to the extent it categorically requires health care employers to deny or revoke religious exemptions from COVID-19 vaccination mandates; and from barring and interfering in any way with the granting of religious exemptions from COVID-19 vaccination going forward, or with the operation of exemptions already granted under pre-Vaccine Mandate policy; and from taking any action against the licensure, certification, residency, admitting privileges or other professional status or qualification of any of the Plaintiffs on account of their seeking or having obtained a religious exemption from mandatory COVID-19 vaccination.

**THE COURT NOTING** that Plaintiffs seek the aforementioned relief prior to September 27, 2027, the day that hospital and nursing home employees (including all Plaintiffs here) are required to have at least one dose of a COVID-19 vaccine or otherwise be formally or effectively terminated with severe harm to their professional standing and employability anywhere in the State of New York, and with likely professional disciplinary consequences affecting licensure.

**THE COURT FINDING** that Plaintiffs have provided sufficient reasons why the Court should employ an expedited procedure under Local Rule 7.1(e) given the immediacy of Plaintiffs' application.

**IT IS HEREBY ORDERED THAT**:

1. Defendants **SHOW CAUSE** why a temporary restraining order and preliminary injunction should not be issued under Federal Rule of Civil Procedure 65 granting Plaintiffs the following relief:

    (A). A statewide temporary restraining order and/or preliminary injunction, followed by a permanent injunction, restraining and enjoining the Defendants, their officers, agents, employees, attorneys and successors in office, and all other persons in active concert or participation with them, from enforcing, threatening to enforce, attempting to enforce, or otherwise requiring compliance with the Vaccine Mandate such that:

    (1) The Vaccine Mandate is suspended in operation to the extent that the Department of Health is barred from enforcing any requirement that employers deny religious exemptions from COVID-19 vaccination or that they revoke any exemptions employers already granted before the Vaccine Mandate superseded the prior Health Order to exclude religious exemptions, including the exemptions already granted to certain of the Plaintiffs herein;

    (2) The Department of Health is barred from interfering in any way with the granting of religious exemptions from COVID-19 vaccination going forward, or with the operation of exemptions already granted under the prior Health Order;

    (3) The Department of Health is barred from taking any action, disciplinary or otherwise, against the licensure, certification, residency, admitting privileges or other professional status or qualification of any of the Plaintiffs on account of

their seeking or having obtained a religious exemption from mandatory COVID-19 vaccination.

2. Defendants must submit a brief on this issue of no more than 25 pages on or before _____

3. The Court shall hold a temporary restraining order hearing at _____. The hearing shall be held via Zoom videoconference. The Court shall provide the necessary link to counsel via email prior to hearing.

4. If either party wishes to introduce testimony at the hearing, it must provide reasonable advance notice to the Court and the other party prior to the _____, 2021 hearing.

5. Plaintiff must serve a copy of this Order and the papers on which it is based on Defendants on or before _____.

Dated: 09/13/2020

[                    ]
United States District Judge