UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Dr. A, Nurse A., Dr. C., Nurse D.,
Dr. F., Dr. G., Therapist I., Dr. J.,
Nurse J., Dr. M., Nurse N., Dr. O.,
Dr. P., Technologist P., Dr. S.,
Nurse S., and Physician Liaison X.,

     Plaintiffs,

  -v-         1:21-CV-1009

KATHY HOCHUL, Governor of
the State of New York, in her
official capacity, DR. HOWARD A.
ZUCKER, Commissioner of the
New York State Department of
Health, in his official capacity, and
LETITIA JAMES, Attorney General
of the State of New York, in her
official capacity,

     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID N. HURD
United States District Judge

## ORDER

On August 26, 2021, the New York State Department of Health ("DOH") promulgated a regulation that mandates COVID-19 vaccination of health care workers. This regulation requires personnel employed at general hospitals and nursing homes to receive their first dose of a COVID-19 vaccine

by September 27, 2021, and for personnel employed at other covered entities to receive a vaccine by October 7, 2021. Unlike a previously applicable Public Health Order, this new regulation excludes any religious exemption. The named plaintiffs are seventeen medical professionals employed in the State of New York who allege that their sincere religious beliefs compel them to refuse the COVID-19 vaccines that are currently available.

On September 13, 2021, plaintiffs filed this 42 U.S.C. § 1983 action alleging this "vaccination mandate" violates the First and Fourteenth Amendments, the Supremacy Clause, and the Equal Protection Clause of the U.S. Constitution. Plaintiffs sought to proceed pseudonymously. Plaintiffs also moved for a temporary restraining order ("TRO") and a preliminary injunction that would enjoin defendants from, *inter alia*, enforcing the vaccine mandate "to the extent it categorically requires health care employers to deny or revoke religious exemptions from COVID-19 vaccination mandates."

Upon review of plaintiffs' memorandum of law and supporting documentation, it is

ORDERED that

1. Plaintiffs' motion for a temporary restraining order is GRANTED;

2. Defendants, their officers, agents, employees, attorneys and successors in office, and all other persons in active concert or participation with them,

are temporarily ENJOINED from enforcing, threatening to enforce, attempting to enforce, or otherwise requiring compliance with the vaccine mandate such that:

(a) The vaccine mandate is suspended in operation to the extent that the DOH is barred from enforcing any requirement that employers deny religious exemptions from COVID-19 vaccination or that they revoke any exemptions employers already granted before the vaccine mandate issued;

(b) The DOH is barred from interfering in any way with the granting of religious exemptions from COVID-19 vaccination going forward, or with the operation of exemptions already granted;

(c) The DOH is barred from taking any action, disciplinary or otherwise, against the licensure, certification, residency, admitting privileges or other professional status or qualification of any of the plaintiffs on account of their seeking or having obtained a religious exemption from mandatory COVID-19 vaccination; and

(d) As noted *supra*, since the August 26, 2021 regulation does not require hospital and nursing home employees to receive a vaccine until September 27, 2021, the TRO does not, as a practical matter, go into effect until that date.

3. Plaintiffs shall serve defendants with (1) this Order; (2) the operative complaint and supporting exhibits; and (3) the motion for a temporary restraining order and preliminary injunction no later than Thursday, September 16, 2021 at 12:00 p.m.;

4. Defendants are to advise the Court if they oppose plaintiffs' request for a <u>preliminary</u> injunction pending an expedited resolution of the merits of the main issue for a <u>permanent</u> injunction;

5. If yes, defendants shall file and serve all submissions in opposition to the plaintiffs' motion for a preliminary injunction before Wednesday, September 22, 2021 at 5:00 p.m.;

6. No reply is permitted;

7. Defendants shall further advise the Court if they oppose plaintiffs' request to proceed pseudonymously;

8. If yes, defendants shall file and serve all submissions in opposition to the plaintiffs' request to proceed pseudonymously before Wednesday, September 22, 2021 at 5:00 p.m.;

9. No reply is permitted; and

10. If yes, defendants shall SHOW CAUSE at an in-person oral argument to be held at 10:00 a.m. on Tuesday, September 28, 2021 at the United States Courthouse in Utica, New York why the TRO should not be converted to a

preliminary injunction in accordance with Rule 65 of the Federal Rules of Civil Procedure.

    IT IS SO ORDERED.

_____
United States District Judge

Dated: September 14, 2021 at 10:00 a.m.
        Utica, New York.