UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Dr. A, Nurse A., Dr. C., Nurse D.,
Dr. F., Dr. G., Therapist I., Dr. J.,
Nurse J., Dr. M., Nurse N., Dr. O.,
Dr. P., Technologist P., Dr. S.,
Nurse S., and Physician Liaison X.,

                Plaintiffs,

     -v-                         1:21-CV-1009

KATHY HOCHUL, Governor of
the State of New York, in her
official capacity, DR. HOWARD A.
ZUCKER, Commissioner of the
New York State Department of
Health, in his official capacity, and
LETITIA JAMES, Attorney General
of the State of New York, in her
official capacity,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID N. HURD
United States District Judge

### ORDER VACATING PRELIMINARY INJUNCTION

On August 26, 2021, the New York State Department of Health adopted an emergency regulation that required most healthcare workers to be vaccinated against COVID-19 within thirty days. N.Y. COMP. CODES

R. & REGS. tit. 10, § 2.61(c) (2021). As relevant here, § 2.61 eliminated a religious exemption included in the first iteration of the mandate.

On September 13, 2021, seventeen healthcare workers employed in New York State ("plaintiffs"), all of whom object to the existing COVID-19 vaccines on religious grounds, filed this official-capacity 42 U.S.C. § 1983 action against New York State Governor Kathy Hochul ("Hochul"), New York State Health Commissioner Howard A. Zucker ("Zucker"), and New York State Attorney General Letitia James ("James").

Plaintiffs' three-count verified complaint alleges that § 2.61 violates their constitutional rights because it effectively forbids employers from considering workplace religious accommodations under processes guaranteed by federal law. Plaintiffs sought to enjoin defendants from, *inter alia*, enforcing § 2.61 "to the extent it categorically requires health care employers to deny or revoke religious exemptions from COVID-19 vaccination mandates."

On September 14, 2021, the Court issued a temporary order restraining defendants from enforcing § 2.61 <u>to the extent it categorically required health care employers to deny or revoke a religious exemption from COVID-19 vaccination</u>. *Dr. A. v. Hochul*, 2021 WL 4189533 (N.D.N.Y) (emphasis added). After additional briefing, the temporary restraining order was

converted to a preliminary injunction on October 12, 2021.[1] *Dr. A. v. Hochul*, --F. Supp. 3d--, 2021 WL 4734404 (N.D.N.Y.). Defendants appealed.

On November 1, 2021, a panel of the U.S. Court of Appeals for the Second Circuit ordered the preliminary injunction vacated. Dkt. No. 26. As relevant here, the panel opinion concluded that plaintiffs had failed to establish § 2.61 was not a neutral law of general applicability and therefore subjected it to only rational basis review. Dkt. No. 27 at 35.

Relying on *Jacobson v. Massachusetts*, 197 U.S. 11 (1905) and *Phillips v. City of N.Y.*, 775 F.3d 538 (2d Cir. 2015) (per curiam), the panel held that § 2.61 "was a reasonable exercise of the State's power to enact rules to protect the public health." Dkt. No. 27 at 35.

The panel opinion went on to conclude that plaintiffs had also failed to establish that § 2.61 conflicts with Title VII or federal law because it "<u>does not prevent employees from seeking a religious accommodation allowing them to continue working consistent with the Rule, while avoiding the vaccination requirement</u>." Dkt. No. 27 at 38 (emphasis added). Therefore, plaintiffs no longer need the preliminary injunction.

---

[1] The complaint alleged that some of plaintiffs' employers had revoked existing accommodations, and that other employers had refused to consider new requests for accommodation, on the basis of the State's adoption of § 2.61. Those factual assertions stood uncontested in the preliminary injunction record because plaintiffs' complaint was verified. However, in light of the Second Circuit's opinion, these arbitrary denials can no longer happen.

A certified copy of the Second Circuit's order issued on November 4, 2021. Dkt. No. 27.

Therefore, it is

ORDERED that

The preliminary injunction entered in favor of plaintiffs on October 12, 2021 is VACATED.

IT IS SO ORDERED.

_____
United States District Judge

Dated: November 5, 2021
       Utica, New York.