21-2179; 21-2566
*We The Patriots USA, Inc. v. Hochul; Dr. A. v. Hochul*

# In the
# United States Court of Appeals
# For the Second Circuit

August Term, 2021

(Argued: October 27, 2021          Decided: November 12, 2021)

Docket No. 21-2179

WE THE PATRIOTS USA, INC., DIANE BONO, MICHELLE MELENDEZ,
MICHELLE SYNAKOWSKI,

*Plaintiffs-Appellants*,

–v.–

KATHLEEN HOCHUL, HOWARD A. ZUCKER, M.D.,

*Defendants-Appellees*.

Docket No. 21-2566

DR. A., NURSE A., DR. C., NURSE D., DR. F., DR. G., THERAPIST I.,
DR. J., NURSE J., DR. M., NURSE N., DR. O., DR. P., TECHNOLOGIST P., DR. S.,
NURSE S., PHYSICIAN LIAISON X.,

*Plaintiffs-Appellees*,

–v.–

KATHY HOCHUL, GOVERNOR OF THE STATE OF NEW YORK, IN HER OFFICIAL
CAPACITY, DR. HOWARD A. ZUCKER, COMMISSIONER OF THE NEW YORK STATE

CERTIFIED COPY ISSUED ON 11/12/2021

DEPARTMENT OF HEALTH, IN HIS OFFICIAL CAPACITY, LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK, IN HER OFFICIAL CAPACITY,

*Defendants-Appellants.*

B e f o r e :

WALKER, SACK, and CARNEY, *Circuit Judges.*

---

CAMERON L. ATKINSON (Norman A. Pattis, Earl A. Voss, *on the brief*), Pattis & Smith, LLC, New Haven, CT, *for Plaintiffs-Appellants We The Patriots USA, Inc. et al. (in No. 21-2179).*

STEVEN C. WU, Deputy Solicitor General (Barbara D. Underwood, Mark S. Grube, *on the brief*) *for* Letitia James, Attorney General for the State of New York, New York, NY, *for Defendants-Appellants (in No. 21-2566) and Defendants-Appellees (in No. 21-2179) Kathleen Hochul et al.*

CHRISTOPHER A. FERRARA (Michael McHale, Stephen M. Crampton, *on the brief*), Thomas More Society, Chicago, IL, *for Plaintiffs-Appellees Dr. A. et al. (in No. 21-2566).*

Alex J. Luchenister, Richard B. Katskee, Americans United for Separation of Church and State, Washington, D.C.; Daniel Mach, Heather L. Weaver, Lindsey Kaley, American Civil Liberties Union Foundation, Washington, D.C. & New York, NY; Christopher Dunn, Beth Haroules, Arthur Eisenberg, Amy Belsher, New York Civil Liberties Union Foundation, New York, NY, *for Amici Curiae (in No. 21-2179) Americans United for Separation of Church and State, American Civil Liberties Union, New York Civil Liberties Union, Central Conference of American Rabbis, Global Justice Institute,*

2

> *Metropolitan Community Churches, Men of Reform Judaism, Methodist Federation for Social Action, Muslim Advocates, National Council of Jewish Women, Reconstructionist Rabbinical Association, Union for Reform Judaism, and Women of Reform Judaism.*
>
> Mark D. Harris, Shiloh Rainwater, Proskauer Rose LLP, New York, NY, *for Amicus Curiae (in No. 21-2179) Greater New York Hospital Association.*

---

PER CURIAM:

We write to clarify our opinion in *We The Patriots USA, Inc. v. Hochul*, No. 21-2179, and *Dr. A. v. Hochul*, No. 21-2566, which we heard and decided in tandem. 2021 WL 5121983 (2d Cir. Nov. 4, 2021). We do so in light of the text of the recent order of the district court in *Dr. A. v. Hochul*, vacating the preliminary injunction at issue. No. 1:21-CV-1009 (N.D.N.Y. Nov. 5, 2021). The district court there wrote that the *Dr. A.* Plaintiffs "no longer need" a preliminary injunction because Section 2.61 "does not prevent employees from seeking a religious accommodation allowing them to continue working consistent with the Rule, while avoiding the vaccination requirement." *Id.* (quoting *We the Patriots USA, Inc.*, 2021 WL 5121983, at *17).

A reader might erroneously conclude from this text that, consistent with our opinion, employers may grant religious accommodations that allow employees to continue working, unvaccinated, at positions in which they "engage in activities such that if they were infected with COVID-19, they could potentially expose other covered personnel, patients or residents to the disease." 10 N.Y.C.R.R. § 2.61 (definition of "personnel"). In our opinion, however, we stated that "Section 2.61, on its face, does not bar an employer from providing an employee with a reasonable accommodation *that removes the individual from the scope of the Rule*." 2021 WL 5121983, at *17 (emphasis added). In other words, it may be *possible* under the Rule for an employer to

3

*accommodate*—not *exempt*—employees with religious objections, by employing them in a manner that removes them from the Rule's definition of "personnel." *Id.* Such an accommodation would have the effect under the Rule of permitting such employees to remain unvaccinated while employed.

Of course, Title VII does not obligate an employer to grant an accommodation that would cause "undue hardship on the conduct of the employer's business." *See* 42 U.S.C. § 2000e(j). And, as we also observed in our opinion, "Contrary to the *Dr. A.* Plaintiffs' interpretation of the statute, Title VII does not require covered entities to provide the accommodation that Plaintiffs prefer—in this case, a blanket religious exemption allowing them to continue working at their current positions unvaccinated." 2021 WL 5121983, at *17. To repeat: if a medically eligible employee's work assignments mean that she qualifies as "personnel," she is covered by the Rule and her employer must "continuously require" that she is vaccinated against COVID-19. 10 N.Y.C.R.R. § 2.61. As we observed, this requirement runs closely parallel to the longstanding New York State requirements, subject to no religious exemption, that medically eligible healthcare employees be vaccinated against rubella and measles. 2021 WL 5121983, at *13.

The preliminary injunction entered by the district court in *Dr. A. v. Hochul* on October 12, 2021, has been vacated. *See We The Patriots USA, Inc. v. Hochul*, No. 21-2179, and *Dr. A. v. Hochul*, No. 21-2566, 2021 WL 5103443, at *1 (2d Cir. Oct. 29, 2021). New York State's emergency rule requiring that healthcare facilities "continuously require" that certain medically eligible employees—those covered by the Rule's definition of "personnel"—are vaccinated against COVID-19, is currently in effect. 10 N.Y.C.R.R. § 2.61. We caution further that our opinion addressed only the likelihood of success on the merits of Plaintiffs' claims; it did not provide our court's definitive determination of the merits of those claims.

4

In the interest of judicial economy, we direct the Clerk of Court to refer any further proceedings in these two matters to this panel.

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

*Catherine O'Hagan Wolfe*

5