## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **DR. A., NURSE A., DR. C., NURSE D., DR. F., DR. G,  THERAPIST I., DR. J., NURSE J., DR. M., NURSE N., DR. O., DR. P., DR. S., NURSE S.** and **PHYSICIAN LIAISON X.**, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case  No. 1:21-cv-1009 (DNH) (ML) |
| v. | ) ) | |
| **KATHY HOCHUL**, Governor of the State of New York, in her official capacity; **Mary T. Bassett**, Commissioner of the New York State Department of Health, in his official capacity; and **LETITIA JAMES**, Attorney General of the State of New York, in her official capacity, | ) ) ) ) ) ) ) | **Order to Show Cause** |
| Defendants. | ) ) | |

David N. Hurd, United States District Judge

**THIS MATTER** coming upon the Court upon Plaintiffs' Renewed Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction ("PI") and Order to Show Cause why a TRO and PI should not issue;

**THE COURT NOTING** that, Plaintiffs, which include 16 medical professionals all across the State of New York whose sincere religious beliefs compel them to refuse vaccination against the available COVID-19 vaccines (all of which employ aborted fetal cell lines in their testing, development, or production) in violation of New York's "Vaccine Mandate" requiring health care workers (including all of the plaintiffs) to obtain COVID-19 vaccination (including for employees of hospitals, home health agencies, long-term home health programs, licensed home care service agencies, hospices, adult day care facilities, and more), without any opportunity for religious

1

exemptions, in flagrant violation of federal law. Plaintiffs specifically allege that the Vaccine Mandate violates the Supremacy Clause of the U.S. Constitution insofar as the CMS Mandate promulgated by the U.S. Department of Health and Human Services, and upheld by the U.S. Supreme Court in *Biden v. Missouri*, 142 S.Ct. 647 (2022), requires Plaintiffs' (now-former) employers to consider requests for religious *exemptions* unless any reasonable accommodations would be an "undue hardship" on their operations. Additionally, Governor Hochul's executive rule (and the New York Department of Labor's corresponding guidance) that unemployment benefits are categorically unavailable to those terminated for religious refusal to obtain COVID-19 vaccination violates the Free Exercise Clause of the First Amendment.

**THE COURT NOTING** that Plaintiffs have requested that Defendants be temporarily restrained and preliminary and permanently enjoined from enforcing Rule 2.61 statewide to the extent it categorically requires health care employers to deny or revoke religious exemptions from COVID-19 vaccination mandates; and from barring and interfering in any way with the granting of religious exemptions from COVID-19 vaccination going forward, or with the operation of exemptions already granted under pre-Rule 2.61 policy; and from taking any action against the licensure, certification, residency, admitting privileges or other professional status or qualification of any of the Plaintiffs on account of their seeking or having obtained a religious exemption from mandatory COVID-19 vaccination; and from enforcing, threatening to enforce, attempting to enforce, or otherwise requiring compliance with the rule forbidding unemployment benefits as a result of being terminated for refusing COVID-19 vaccinations.

**THE COURT NOTING** that Plaintiffs seek the aforementioned relief immediately, or no later than February 4, 2022—the last day of the week Plaintiff Nurse A. must have a "booster" shot as a condition of continued employment —as all Plaintiffs are currently suffering ongoing irreparable

harm as a result of Rule 2.61's violation of their constitutional and federal-law rights, loss of employment and corresponding unrecoverable damages in light of the State's immunity under the Eleventh Amendment, with severe harm to their professional standing and employability anywhere in the State of New York, and with likely professional disciplinary consequences affecting licensure, and with four Plaintiffs having succumbed to initial COVID-19 vaccination under duress and in direct violation of their religious beliefs but with continued religious opposition to receiving additional COVID-19 booster vaccinations, as are now required by Rule 2.61 as revised January 21, 2022.

**THE COURT FINDING** that Plaintiffs have provided sufficient reasons why the Court should employ an expedited procedure under Local Rule 7.1(e) given the immediacy of Plaintiffs' application.

**IT IS HEREBY ORDERED THAT**:

1. Defendants **SHOW CAUSE** why a temporary restraining order and preliminary injunction should not be issued under Federal Rule of Civil Procedure 65 granting Plaintiffs the following relief:

    (A) A statewide temporary restraining order and/or preliminary injunction, followed by a permanent injunction, restraining and enjoining the Defendants, their officers, agents, employees, attorneys and successors in office, and all other persons in active concert or participation with them, from enforcing, threatening to enforce, attempting to enforce, or otherwise requiring compliance with Rule 2.61 such that:

    (1) The challenged Rule 2.61 is suspended in operation to the extent that the Department of Health is barred from enforcing any requirement that employers covered by the CMS Mandate continue to deny religious *exemptions* from COVID-19 vaccination or that they continue to revoke any exemptions such

employers already granted before Rule 2.61 came into effect, including the exemptions already granted to certain of the Plaintiffs herein;

(2) The Department of Health is barred from interfering in any way with the granting of religious exemptions from COVID-19 vaccination going forward within facilities covered by the CMS Mandate;

(3) The Department of Health is barred from taking any action, disciplinary or otherwise, against the licensure, certification, residency, admitting privileges or other professional status or qualification of any of the Plaintiffs on account of their seeking or having obtained a religious exemption from mandatory COVID-19 vaccination.

(B) A statewide temporary restraining order and/or preliminary injunction, followed by a permanent injunction, restraining and enjoining the Defendants, their officers, agents, employees, attorneys and successors in office, and all other persons in active concert or participation with them, from taking any action against the licensure, certification, residency, admitting privileges or other professional status or qualification of any of the Plaintiffs on account of their seeking or having obtained a religious exemption from mandatory COVID-19 vaccination; and from enforcing, threatening to enforce, attempting to enforce, or otherwise requiring compliance with the rule forbidding unemployment benefits as a result of being terminated for refusing COVID-19 vaccinations.

2. Defendants must submit a brief on this issue of no more than 25 pages on or before

_____

4

3.  The Court shall hold a temporary restraining order hearing at

    _____. The hearing shall be held via Zoom videoconference. The

    Court shall provide the necessary link to counsel via email prior to hearing.

4.  If either party wishes to introduce testimony at the hearing, it must provide reasonable advance

    notice to the Court and the other party prior to the_____, 2022 hearing.

5.  Plaintiff must serve a copy of this Order and the papers on which it is based on Defendants on or

    before _____.

Dated: _____/2022


                                                    _____
                                                    David N. Hurd
                                                    United States District Judge




**CERTIFICATION IN COMPLIANCE WITH FED. R. CIV. P. 65(b) and L.R. 7.1**

Notice and Service of this application for an Order to Show Cause why a Temporary

Restraining Order and Preliminary Injunction should not issue has been provided to opposing counsel

by the ECF system and by separate email.

Date: January 30, 2022                              /s/ Christopher A. Ferrara_____
                                                    Christopher A. Ferrara
                                                    *Counsel for Plaintiffs*