

A national public interest law firm defending life, family and religious liberty.

February 1, 2022

**By ECF**
Hon. Miroslav Lovric
U.S. Magistrate Judge
Federal Building and U.S. Courthouse
15 Henry Street
Binghamton, NY 13901

            Re:   *Dr. A., et al., v. Hochul*, et al., 21-CV-1009 (DNH)(ML)
                  Notice of Supplemental Authority

Dear Judge Lovric:

      Per your Honor's instructions during yesterday's status conference regarding Plaintiffs' Verified Amended Complaint (ECF No. 40), please be advised as follows: It is defendants' position that under Rule 15 there is a "time gap" during which a party cannot amend of right before a responsive pleading or motion under 12(b), (e), or (f) has been filed. According to this reading, defendants could prevent an inevitable amendment of right by simply delaying the filing of a responsive pleading or motion as long as possible, thereby preventing plaintiffs from seeking emergent injunctive relief based on changed circumstances requiring an amended pleading.

      What this would accomplish beyond delay for the sake of delay is not apparent, but in any event a Federal Rules decision in this District rejects defendants' reading of the Rule. In *Doe #1 v. Syracuse Univ.*, 335 F.R.D. 356, 359–60 (N.D.N.Y. 2020) the Court agreed (ironically) with *defendants'* contention that there is **no** "time gap" between the 21-day period provided in Rule 15(a)(1)(A) and the 21-day period in Rule 15(a)(1)(B). Noting that "[t]he Second Circuit has not weighed in on the issue," the court observed that "courts outside this Circuit, including the First and Seventh Circuits, agree with the interpretation… that **no time gap exists**," and the court thus concluded that "**there is no "time gap" during which a party cannot amend as a matter of course** when no responsive pleading or motion under 12(b), (e), or (f) has been filed." *Id.* at 359 (emphasis added); citing *U.S. ex rel. D'Agostino v. EV3, Inc.*, 802 F.3d 188, 193 (1st Cir. 2015) and *Swanigan v. City of Chicago*, 775 F.3d 953, 963 (7th Cir. 2015).

      Nevertheless, the court in *Doe* rejected defendants' argument that by **unnecessarily** seeking leave to amend under Rule 15(a)(2) during the **non-existent** "gap," plaintiffs had waived their right to amend as a matter of course under Rule 15(a)(1) within 21 days of defendants' filing of a motion to dismiss, and the court thus denied defendants' motion to strike the Third Amended Complaint. *Id.* at 360. *See also*, *Insituform Techs., LLC v. Liberty Mut. Ins. Co.*, No. 19-CV-6873 (CJS), 2021 WL 307565, at *3 (W.D.N.Y. Jan. 29, 2021)("The Court agrees with the reasoning of the First Circuit and Seventh Circuit that… Rule 15(a)(1)(A)–(B) **does not create a 'time gap' following service of the complaint, but before the filing of the responsive pleading or motion** under Rule 12, during which a party cannot

amend its complaint once as a matter of right.")(emphasis added).

Quite simply, therefore, "Fed. R. Civ. P. 15(a) provides that a party may amend a claim once as a matter of course *any time before a responsive pleading is served*." Dimitri De Church-Silva, "Know Your Rules: Adding or Dropping Parties under the Rules of Civil Procedure," July 31, 2019.[1]

For these reasons, the First Amended Complaint is clearly the operative pleading in this case. If the Court concludes otherwise, however, it is respectfully requested that this letter be treated as a letter motion to amend with the leave of court.

Respectfully submitted,

s/Michael G. McHale                                         s/Christopher A. Ferrara
Michael G. McHale, Esq.                                 Christopher A. Ferrara, Esq.
(N.D.N.Y. Bar No. 701887)                             (N.D.N.Y. Bar No. 51198)
THOMAS MORE SOCIETY                            THOMAS MORE SOCIETY
Counsel                                                              Special Counsel
10506 Burt Circle, Ste. 110                              148-29 Cross Island Parkway
Omaha, NE 68114                                             Whitestone, Queens, New York  11357
Telephone: 402-501-8586                                Telephone: 718-357-1040
mmchale@thomasmoresociety.org              cferrara@thomasmoresociety.org

c: All counsel of record (via ECF)

---

[1] ABA Commentary, available @ https://www.americanbar.org/groups/litigation/committees/pretrial-practice-discovery/practice/2019/know-your-rules-adding-or-dropping-parties-under-the-rules-of-civil-procedure/