UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

Dr. A, Nurse A., Dr. C., Nurse D., Dr. F., Dr. G., Therapist
I., Dr. J., Nurse J., Dr. M., Nurse N., Dr. O., Dr. P.,
Technologist P., Dr. S., Nurse S., and Physician Liaison X.,

                                        *Plaintiffs*,              1:21-CV-1009

                    -against-                                      (DNH)(ML)

KATHY HOCHUL, Governor of the State of New York, in
his official capacity, MARY T. BASSETT, Commissioner
of the New York State Department of Health, in her official
capacity, and LETITIA JAMES, Attorney General of the
State of New York, in her official capacity,

                                        *Defendants*.

_____

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'
MOTION TO DISMISS**

                         LETITIA JAMES
                         Attorney General
                         State of New York
                         Attorney for Defendants
                         The Capitol
                         Albany, New York 12224

Ryan W. Hickey
Assistant Attorney General
Bar Roll No. 519090
Telephone: (518) 776-2616
Fax: (518) 915-7738 (Not for service of papers)            Date: June 24, 2022

**Table of Contents**

ARGUMENT .................................................................................................................. 1

POINT I ....................................................................................................................... 1

THE COURT SHOULD NOT DEFER RESOLUTION OF THE MOTION TO
DISMISS WHILE PLAINTIFFS SEEK SECOND CIRCUIT AND SUPREME
COURT REVIEW OF THEIR ATTEMPTS TO OBTAIN A PRELIMINARY
INJUNCTION .............................................................................................................. 1

POINT II ...................................................................................................................... 1

THE AMENDED COMPLAINT DOES NOT STATE A CLAIM UNDER THE
FREE EXERCISE CLAUSE ........................................................................................ 1

POINT III ..................................................................................................................... 5

THE AMENDED COMPLAINT DOES NOT STATE A CLAIM UNDER THE
SUPREMACY CLAUSE .............................................................................................. 5

CONCLUSION ............................................................................................................. 6

**Cases**

*Dahl v. Bd. of Trustees of Western Michigan Univ.,* 15 F.4th 728 (6th Cir. 2021) ...................... 2

*Employment Division, Department of Human Resources of Oregon v. Smith*, 494 U.S. 872 (1990) ................................................................................................................................... 3

*Holt v. Hobbs*, 574 U.S. 352 (2015) ........................................................................................ 2

*Jacobson v. Commonwealth of Massachusetts*, 197 U.S. 11 (1905) ............................................. 2

*Kane v. De Blasio*, 19 F.4th 152 (2d Cir. 2021) ......................................................................... 3

*Thoms v. Maricopa Cty. Cmty. Coll.*, No. 2:21-cv-01781, 2021 WL 5162538 (D. Ariz, Nov. 5, 2021) ...................................................................................................................................... 3

*U.S. Navy Seals 1-26 v. Biden*, 27 F.4th 336 (5th Cir. 2022) ....................................................... 2

ii

**ARGUMENT**

**POINT I**

**THE COURT SHOULD NOT DEFER RESOLUTION OF THE MOTION TO DISMISS WHILE PLAINTIFFS SEEK SECOND CIRCUIT AND SUPREME COURT REVIEW OF THEIR ATTEMPTS TO OBTAIN A PRELIMINARY INJUNCTION.**

In response to Defendants' motion to dismiss, ECF No. 40, Plaintiffs urge the Court to defer consideration of this motion because they have sought review of the denial of their first motion for a preliminary injunction in the United States Supreme Court, and review of the denial their second motion for a preliminary injunction in the Second Circuit Court of Appeals. The Court should deny this request. Plaintiffs' speculation that their appeals will be successful, or that the resulting decisions will alter the law in such a way as to moot Defendants' motion, is not a sufficient basis to further defer consideration of the merits of the Amended Complaint. Defendants have, to date, successfully defended two applications for preliminary injunctive relief. As explained below, binding Second Circuit and Supreme Court precedent justify dismissal of the claims in the Amended Complaint, and this Court should not be constrained to await further appellate review of the preliminary injunction decisions before ruling on the merits of the Amended Complaint.

**POINT II**

**THE AMENDED COMPLAINT DOES NOT STATE A CLAIM UNDER THE FREE EXERCISE CLAUSE**

    **A. Plaintiffs' claim that Section 2.61 violates the Free Exercise Claim fails as a matter of law.**

In their opening brief, Defendants established that the Plaintiffs Free Exercise Claim fails as a matter of law under *Jacobson* because there is no requirement under the First Amendment that the State provide a religious exemption to its vaccine requirement. ECF No. 59-1 p. 9 *citing*

1

*Jacobson v. Commonwealth of Massachusetts*, 197 U.S. 11, 25-27 (1905).  In reply, Plaintiffs merely reiterate their view, previously expressed to this Court and the Second Circuit at the preliminary injunction stage, that *Jacobson* should not justify the exclusion of the religious exemption.  ECF No. 65 at 12.  Plaintiffs' argument has already been squarely rejected by the Second Circuit in this case, which held that "Plaintiffs provide no basis for concluding that the vaccination requirement here, considerably narrower than the city-wide mandate in *Jacobson*, violates a fundamental constitutional right."  ECF No. 27 at 41.  The Second Circuit was explicit that "for over 100 years [*Jacobson*] has stood firmly for the proposition that the urgent public health needs of the community can outweigh the rights of an individual to refuse vaccination. *Jacobson* remains binding precedent." *Id*. at fn. 35.

Plaintiffs suggest that other federal courts have found that "COVID-19 vaccine mandates" violate the Free Exercise Clause.  However, the vaccine mandates at issue in the cited cases are not analogous to Section 2.61.  In *U.S. Navy Seals 1-26 v. Biden*, the Fifth Circuit considered a challenge to vaccination requirements for Naval special warfare personnel under the Religious Freedom Restoration Act of 1993 ("RFRA").  *U.S. Navy Seals 1-26 v. Biden*, 27 F.4th 336 (5th Cir. 2022).  As noted by the Fifth Circuit, the RFRA affords <u>greater</u> protection for religious exercise than is available under the First Amendment. *Id*. at 350, (citing *Holt v. Hobbs*, 574 U.S. 352, 357 (2015)); 42 U.S.C. § 2000bb-1. The RFRA standard is not at issue in in this proceeding, and is not applicable to the Plaintiffs because if applies only to "branch, department, agency, instrumentality, and official (or other person acting under color of law) of the United States[.]"  42 U.S.C. § 2000bb-2(1).

Plaintiffs' reliance on *Dahl v. Bd. of Trustees of Western Michigan Univ.,* 15 F.4th 728, 735 (6th Cir. 2021) is similarly misplaced.  As the Second Circuit has previously written in this

case, and as pointedly ignored by Plaintiffs, *Dahl* was decided under different factual circumstances which are not analogous to the case at bar.  ECF No. 27 at fn 29.  Accordingly, the Second Circuit found "no basis for adopting the *Dahl* court's approach here." *Id.*

Plaintiffs similarly ignore the Second Circuit's explanation in *Kane v. De Blasio* that the challenged vaccine mandate for New York City school employees is factually different from this case because the City's mandate permitted both medical and religious exemptions.  *Kane v. De Blasio*, 19 F.4th 152, 164, n 12 (2d Cir. 2021).  Further, the Court's analysis in *Kane* focused on the specific procedures under an arbitration award for the employees to apply for religious exemptions.  Likewise, in *Thoms v. Maricopa Cty. Cmty. Coll.*, No. 2:21-cv-01781, 2021 WL 5162538 (D. Ariz, Nov. 5, 2021), the District of Arizona explained that the case before it was factually distinct from this matter because it did not involve a government vaccine mandate. *Id.* at 34.

Plaintiffs' opposition reiterates their previously unsuccessful arguments about the neutrality and general applicability of Section 2.61. Tellingly, Plaintiffs acknowledge that the Second Circuit already rejected these arguments in their prior appeal, but that they advance these arguments merely as a means to "preserve the issues for further appeal." ECF No. 65 at fn. 4. Plaintiffs make much of the Second Circuit's reference to the possibility of further "factual development" on particular issues in this case.  Specifically, in analyzing whether Section 2.61 is generally applicable under the *Smith* standard, the Second Circuit explained that the State had presented evidence in opposition to Plaintiffs' request for a preliminary injunction showing that medical and religious exemptions to the vaccine mandate are not comparable in terms of the risk they impose.  ECF No. 27 at 25-28 (citing *Employment Division, Department of Human Resources of Oregon v. Smith*, 494 U.S. 872 (1990)).  The Court noted that in order to prevail on the merits,

Plaintiffs would need to present factual evidence to overcome the State's proof on this issue, which showed that "claims for religious exemptions are far more numerous" than medical exemptions, and thus the corresponding risks are not comparable. *Id*. at 30. While Plaintiff's opposition attempts to re-cast the Second Circuit's ruling as imposing some sort of burden on the State to present further evidence, the Second Circuit's decision does not relieve Plaintiffs of their initial pleading burden. Indeed, the Second Circuit found that Plaintiffs have not "meaningfully challenge[d] the legitimacy of the government's asserted interest in protecting the health of workers and maintaining staffing levels, or the proposition that requiring those who have been granted a medical exemption to be vaccinated would undermine those interests to a lesser degree than would a religious exemption." *Id*. Absent plausible allegations that Plaintiffs' proposed religious exemption presents comparable risks to the medical exemption, Plaintiffs fail to state a claim and further factual development is unnecessary. In any event, Plaintiffs' opposition gives no explanation as to what additional facts they would proffer to overcome the deficiencies in their Free Exercise Claim. Plaintiffs' argument that the State bears some sort of obligation to make a "hospital-by-hospital" showing about the relative risk of religious and medical exemptions improperly seeks to shift the burden to the State and does not cure their defective pleading. ECF No. 65 at 13.

### B. New York's Rules Concerning Unemployment Benefits Do Not Violate the Free Exercise Clause

In their opposition, Plaintiffs argue that they may maintain a claim against Governor Hochul relating to the alleged unlawful denial of unemployment benefits because she "announced" the policy. However, as this Court has previously ruled , the Commissioner of Labor is the agent responsible for the administration of unemployment benefits. ECF No. 49 at 15; *see* N.Y. Labor

Law § 597.  On this basis alone, Plaintiffs' Free Exercise claim relating to unemployment benefits must be dismissed.

Further, the Court already held that Plaintiffs have not established, under *Smith*, that the State's unemployment benefit policy singles out religious objectors as opposed to those who refused vaccination on other grounds.  ECF No. 49 at 15. The Court should, on this additional basis, dismiss Plaintiffs' claim.

### POINT III

### THE AMENDED COMPLAINT DOES NOT STATE A CLAIM UNDER THE SUPREMACY CLAUSE

Plaintiffs' Supremacy Clause claims are meritless and must be dismissed.  Plaintiffs' opposition reiterates arguments have already been rejected by the Second Circuit.  As to their Title VII preemption theory, Plaintiffs disparage Defendants' argument, and in turn the Second Circuit's controlling authority in this case, as "wordplay."  ECF No. 65 at 24.  However, the Second Circuit has unequivocally held in this case that Title VII does not require the sort of religious exemption to the vaccine requirement that Plaintiffs desire.  ECF No. 27 at 38.  The Second Circuit took pains to issue a second clarifying decision in this case to emphasize their holding that Title VII does not preempt Section 2.61.  *Id*. at 39.  The Second Circuit's prior rulings on this issue are dispositive of Plaintiffs' Title VII claim, which they admittedly only reiterate here to preserve "for further appellate review."  ECF No. 65 at fn. 16.  Further, this Court has held that, despite Plaintiffs' protestations about the wisdom of Section 2.61 as a matter of public policy, the Second Circuit's ruling that Section 2.61 does not require employers to violate Title VII is the controlling authority on this issue.  ECF No. 49 at 18.

As to Plaintiffs' theory that the CMS Mandate preempts Section 2.61, this Court has already rejected the argument that the CMS mandate requires the availability of a religious

exemption to vaccine mandates for healthcare workers. *Id*. at 12. As this Court has already held, the CMS Mandate does not preempt Section 2.61, under a theory of conflict preemption or field preemption. *Id*. at 14. Plaintiffs' opposition offers no additional authority or other basis in support of their strained preemption claim. *See* ECF No. 65. Plaintiffs' claim should therefore be dismissed.

**CONCLUSION**

For the reasons discussed above, the Amended Complaint should be dismissed in its entirety and with prejudice.

Dated: Albany, New York
June 24, 2022

LETITIA JAMES
Attorney General
State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224

By: *s/ Ryan W. Hickey*
Ryan W. Hickey
Assistant Attorney General
Bar Roll No. 519020
Telephone: (518) 776-2616
Fax: (518) 915-7738 (Not for service of papers)
Email: Ryan.Hickey@ag.ny.gov

TO:   Christopher A. Ferrara, Esq. (*via ECF*)
148-29 Cross Island Parkway
Whitestone, NY  11357

Michael McHale, Esq. (*via ECF*)
10506 Burt Circle
Ste 110
Omaha, NE 68114